UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN M. RICH,

        Plaintiff,

v.                                                                                     5:09-CV-1251
                                                                          (GTS/VEB)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

OLINSKY & SHURTLIFF, LLP                              JAYA SHURTLIFF, ESQ.
  Counsel for Plaintiff
300 South State Street, 5th Floor
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION           DENNIS J. CANNING, ESQ.
OFFICE OF REGIONAL GEN. COUNSEL          JOANNE JACKSON, ESQ.
  Counsel for Defendant
26 Federal Plaza - Room 3904
New York, New York 10278

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this action filed by Kevin M. Rich ("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Defendant") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits, are the following: (1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 19); (2) Defendant's motion for judgment on the pleadings (Dkt. No. 22); and (3) the Report-Recommendation of United States Magistrate Judge Victor E. Bianchini, issued pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that (a) Plaintiff's motion for judgment on the pleadings be denied, (b)

Defendant's motion for judgment on the pleadings be granted, (c) Defendant's decision denying Social Security benefits to Plaintiff be affirmed, and (d) Plaintiff's Complaint be dismissed (Dkt. No. 25). For the reasons set forth below, Magistrate Judge Bianchini's Report-Recommendation is accepted and adopted in its entirety; Plaintiff's motion for judgment on the pleadings is denied; Defendant's motion for judgment on the pleadings is granted; Defendant's decision denying Social Security benefits to Plaintiff is affirmed; and Plaintiff's Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Procedural History

Because neither party has objected to Part II of Magistrate Judge Bianchini's Report-Recommendation, setting forth the procedural background of this action, the Court adopts that description of this action's procedural background. (*See generally* Dkt. No. 25, at II [Report-Rec].)

On April 5, 2005, Plaintiff applied for disability insurance benefits ("DIB") under the Social Security Act based on a learning disability which left him unable to work.[1] (*See* Administrative Transcript ["T."] at 126-33.)[2] Plaintiff's application was denied by the Social Security Administration. Plaintiff appealed the denial and, on January 17, 2007, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration. (T. at 345.)

---

[1] Plaintiff allegedly suffers from (1) Asperger syndrome, (2) a non-verbal learning disability, and (3) vertigo. (T. at 38.)

[2] "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

On February 20, 2007, the ALJ issued his decision finding Plaintiff disabled from March 15, 2002, through the date of the decision. (T. at 36-41.) The ALJ further concluded that Plaintiff met the insured status requirements of the Act through December 31, 2010. (*Id.*)

Before paying any benefits, the Commissioner reviewed Plaintiff's employment earnings and determined that Plaintiff's earnings for the years 2002-2005 were not employment wages and, as a result, Plaintiff was found to be uninsured and ineligible for DIB. (T. at 94.) On April 23, 2007, the Commissioner referred the question of Plaintiff's entitlement to DIB to the Social Security Appeals Council. (T. at 73.)

On August 3, 2007, the Appeals Council notified Plaintiff that it intended to change ALJ Gale's decision insofar as the ALJ had awarded DIB, on the grounds that Plaintiff's earnings from 2002 to 2005 were not the result of bona fide employment and, thus, Plaintiff was uninsured. Plaintiff's counsel requested reconsideration and, on September 7, 2007, the Appeals Council issued an Order Remanding the Case to the ALJ.

On June 20, 2009, the ALJ conducted a further administrative hearing. On January 27, 2009, the ALJ issued a decision finding that Plaintiff was not fully insured for purposes of DIB and was therefore not entitled to such benefits. On September 10, 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant. (T. at 7-11.) On November 9, 2009, Plaintiff commenced this action in this Court. (Dkt. No. 1.)

Generally, in his brief in support of his motion for judgment on the pleadings, Plaintiff asserts the following three arguments: (1) the ALJ erred in finding Plaintiff has not met the insured status requirements under the Social Security Act (Dkt. No. 19 at 1); (2) the ALJ failed to develop the record regarding Plaintiff's employment; (*id*. at 2); and (3) the ALJ failed to apply the appropriate legal standard in evaluating the credibility of Plaintiff and his father (*id*. at 3).

Generally, in his brief in opposition to Plaintiff's motion, and in support of his own motion, Defendant disagrees with each of these three arguments, and argues that the Commissioner's decision should be affirmed. (Dkt. No. 22.)

### B.  Magistrate Judge Bianchini's Report-Recommendation

On March 2, 2011, Magistrate Judge Bianchini issued a Report-Recommendation recommending that Defendant's decision denying Social Security benefits be affirmed and that the Complaint be dismissed. (Dkt. No. 25.) Generally, in support of his recommendation, Magistrate Judge Bianchini found as follows: (1) the ALJ properly examined the record, afforded appropriate weight to the evidence, and acted well within his discretion when evaluating the credibility of the witnesses; and (2) there was substantial evidence in the record to support the ALJ's conclusion that Plaintiff did meet the insured status requirements under the Social Security Act because Plaintiff did not have a "bona fide" employment relationship with his putative employer, C.W. Rich, Inc., at any time after August 2001. (*Id*.)

## II.  APPLICABLE LEGAL STANDARDS

### A.  Standard of Review of Magistrate Judge Bianchini's Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[3]

---

[3]   On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

4

When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments made in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

      B.      **Standard Governing Judicial Review of Defendant's Decision**

In Part III(A) of his Report-Recommendation, Magistrate Judge Bianchini correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No.25, at 4-5.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

**III.    ANALYSIS**

As an initial matter, Objections to the Report-Recommendation have not been filed and the time in which to do so has expired. As a result, the Court need review the Report-Recommendation only for clear error.

---

[4] *See also Camardo v. Gen. Motors Hourly-Rate Empl. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

After carefully reviewing all of the papers in this action, including Magistrate Judge Bianchini's Report-Recommendation, the Court can find no error in the Report-Recommendation, clear or otherwise. (Dkt. No. 25.) Magistrate Judge Bianchini employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. (*Id*.) The Court would add only that Magistrate Judge Bianchini's Report-Recommendation would survive even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Bianchini's Report-Recommendation (Dkt. No. 25) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 19) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 22) is **GRANTED**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 31, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge